Howry, J.,
delivered the opinion of the court:
Plaintiff brings suit for the recovery of an amount of money paid by him in excess of a sum which it is claimed the officers of the United States were entitled to charge on the making of an entry by the claimant at Duluth of certain lands in the State of Minnesota, under circumstances which show that plaintiff made entry of the land and received two receipts therefor (Nos. 8257 and 12305). One was .the'receipt of the receiver for $18, percentage fees, under section 2290 of the Revised Statutes, and the other was his receipt for the amount of land embraced in the entiy in excess of the area which could be entered under the homestead act. The sum charged for this excessive area was $93.60, being $2.50 per acre for the amount of the excess land, to wit, 37.44 acres — said land being within the place limits of a railway grant and governed as to price by section 2357 of the Revised Statutes.
On April 29, 1895, the claimant voluntarily relinquished and abandoned this entry without any request or requirement so to do, or without any request or requirement to reduce the acreage thereof. The cause of action seems to be predicated upon the theory that it was an ei’roneous charge upon the entryman to cause him to pay for anything platted as a quarter section in excess of the 160 acres beyond percentage fees. The land having reverted to the United States, the plaintiff contends that there should be refunded to him the amount of the erroneous charge, and that, under the act of June 16, 1880 (21 Stat., 237), the Secretary of the Interior was bound to refund upon the relinquishment of the entry the price of the land in excess of that which could be entered by law.
In the subdivisions of public lands in quarter sections it often happens that there are more than 160 acres in the subdivision. It has been the custom and practice of the Land Office to permit the entry of homesteads in excess of the 160 acres which could be entered by law where the subdivision was in excess of the ordinary quarter section upon the payment of the homestead price for the excess area. At the túne of the entry made by the plaintiff in this matter it must *4 be presumed that he knew the practice of the Government. He made no protest apparently.
The tract of land entered was platted as a quarter section, and it has been the uniform custom to enter a technical quarter section under the provisions of the homestead law, regardless of its actual area. (In re Elson, 6 Land Dec., 797; In re Burns, 7 Ib., 20; In re Tingley, 8 Ib., 205; In re Douglas, 10 Ib., 116; Wood v. Bick, 18 Ib., 520.) The entry was therefore properly allowed and would have been confirmed if the claimant had retained the land and complied with the law; and being capable of being confirmed, the entryman would have been entitled to a patent had he desired that a patent issue. We do not think that this custom of the Land Office was erroneous, and must hold that the payment made by plaintiff for the excess area of land was not an erroneous payment.
When the plaintiff undertook to acquire the land the obligation was not unilateral in. character, but reciprocal on the part of the plaintiff as well as upon the part of the Government. It was not within the discretion of plaintiff to enter the land and at pleasure relinquish the land without completing the purchase. In this respect the matter must be treated between the Government and the citizen precisely as if the transaction had arisen between private individuals bargaining to sell and purchase land.
It is true the Government has the land and also the money which the plaintiff originally paid for the entry. But plaintiff could not at his discretion rescind the transaction because he did not care to complete the purchase. W here land properly entered has been canceled by the failure of the entryman to complete the purchase, upon a voluntary relinquishment of his rights no cause of action exists for the sum paid to initiate the entry. (United States v. Ingram, 172 U. S. R., 327.)
It would be establishing a wrong principle and one fraught with great inconvenience and injustice to the Government to hold that the homestead entry could be made and abandoned without reason before completing the purchase, and then permit the entryman to reclaim from the Government the purchase money. This is true with respect to any amount paid for an excess area of land, as for any payment made on land within, the limits fixed by law for homestead entries. •
The petition is dismissed.